THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID E. STRUBLE, Appellant. [854 NYS2d 628]—

Memorandum: On appeal from an order determining that he is a level two risk pursuant to the Sex Offender Registration Act ([SORA] Correction Law § 168 *et seq.*), defendant contends that County Court's assessment of 15 points each for risk factors 9 and 11 set forth in the risk assessment instrument is not supported by clear and convincing evidence (*see* § 168-n [3]). We reject those contentions. With respect to risk factor 9, concerning the number and nature of prior crimes, defendant contends that his Texas felony conviction should not be considered a

felony under SORA because it does not qualify as a predicate felony for sentencing purposes in New York (*see* Penal Law § 70.06 [1] [b] [i]; *People v Muniz*, 74 NY2d 464, 471 [1989]). As the court properly concluded, Correction Law § 168-*l* (5) (b) (iii) does not incorporate the definition of a second felony offender set forth in Penal Law § 70.06 (1) (b) (i) in the criteria for determining whether a felony committed in another jurisdiction is a felony with respect to risk factor 9.

Risk factor 11 concerns drug or alcohol abuse, and defendant admitted that he was arrested between 30 and 40 times in Texas for drug and alcohol related offenses and could not remember 14 years of his life because of his drug and alcohol abuse. Indeed, defendant has not shown successful completion of any treatment program, nor has he shown that he attended Alcoholics Anonymous meetings (*cf. People v Wilbert*, 35 AD3d 1220 [2006]). We thus conclude that the court's assessment of points for risk factors 9 and 11, respectively, is supported by the requisite clear and convincing evidence. Present—Martoche, J.P., Smith, Peradotto, Pine and Gorski, JJ. [*See* 14 Misc 3d 1201(A), 2006 NY Slip Op 52377(U).]