■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTOPHER BRIGHT, Appellant. [883 NYS2d 79]—Appeal by the defendant from an order of the Supreme Court, Nassau County

(Calabrese, J.), entered August 30, 2007, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing the appropriate risk level under the Sex Offender Registration Act (Correction Law art 6-C), the People bear the burden of proving the necessary facts by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Lawless,* 44 AD3d 738 [2007]; *People v Hardy,* 42 AD3d 487 [2007]). The facts may be proved, inter alia, by reliable hearsay: "the court shall review any victim's statement and any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]; *see People v Mingo,* 12 NY3d 563 [2009]).

Here, the Supreme Court properly considered, inter alia, the elements of the crime of which the defendant was convicted, statements by the victim and the defendant contained in the defendant's presentence investigation report, the risk assessment instrument, police records, and the court file. This evidence, considered in its entirety, established by clear and convincing evidence each of the court's assessments as to the applicable risk factors, and supported the determination that the defendant was a level two sex offender (*see People v Burgess,* 6 AD3d 686 [2004]; *People v Smith,* 5 AD3d 752 [2004]; *People v Moore,* 1 AD3d 421 [2003]; *People v Mitchell,* 300 AD2d 377 [2002]).

The defendant's remaining contentions are without merit. Mastro, J.P., Eng, Belen and Hall, JJ., concur.