■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALFRED BROWN, Appellant. [885 NYS2d 917]—Appeal by the defendant from an order of the County Court, Westchester County (Zambelli, J.), dated March 21, 2007, which, after a hearing, adjudicated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The defendant's contention that he was improperly assessed 25 points on the risk assessment instrument for a history of substance abuse and a failure to accept responsibility need not be addressed since there was a sufficient basis to designate him a level three sex offender based upon the 115 points assessed for factors he does not contest (*see People v Murphy,* 33 AD3d 778 [2006]; *People v Lombard,* 30 AD3d 573 [2006]). Mastro, J.P., Balkin, Dickerson and Lott, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARVIN CHAMBERS, Appellant. [887 NYS2d 220]—

Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Brennan, J.), dated January 9, 2008, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

The People met their burden of establishing, by clear and convincing evidence, risk factors bearing sufficient total points to support a level two sex offender adjudication pursuant to Correction Law article 6-C. The defendant was properly assessed points for drug or alcohol abuse, as he admitted abusing drugs at the time he committed the offense (*see People v Carpenter,* 60 AD3d 833 [2009]; *People v Morales,* 33 AD3d 982, 983 [2006]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]). Moreover, the defendant allocuted that he was in possession of a BB-gun at the time of the commission of the crime and threatened to put a "cap" in the victim at the time of the incident if she did not comply with his command. Accordingly, the People presented clear and convincing evidence that the defendant was armed with a dangerous instrument at the time of the offense (*see People v Walker,* 15 AD3d 692 [2005]; *cf. People v Swain,* 46 AD3d 1157, 1158 [2007]), and should be designated a presumptive risk level two. Skelos, J.P., Covello, Leventhal and Roman, JJ., concur.