■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARQUISE MURPHY, Appellant. [890 NYS2d 605]—

In establishing the appropriate risk level designation under the Sex Offender Registration Act (Correction Law art 6-C), the People bear the burden of proving the necessary facts by clear and convincing evidence (see Correction Law § 168-n [3]; *People v Lawless,* 44 AD3d 738 [2007]; *People v Hardy,* 42 AD3d 487 [2007]). The facts may be proved, inter alia, by reliable hearsay: "the court shall review . . . any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]; see *People v Mingo,* 12 NY3d 563 [2009]).

Here, the County Court properly assessed 15 points for risk factor 11, which relates to drug or alcohol abuse, in light of the admissions by the then 19-year-old defendant to the Probation Department, as revealed in the presentence report, to drinking

when he feels stressed and drinking to the point of intoxication (*see People v Williams*, 34 AD3d 662, 663 [2006]). Further, the defendant also reported that his family was concerned about his alcohol use. Such alcohol use was sufficient to constitute alcohol abuse for purposes of risk factor 11. Contrary to the defendant's contention, underage drinking to the point of intoxication could not have been contemplated by the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (2006) as the type of behavior denoted therein as "occasional social drinking" that would not warrant an assessment of points for this risk factor. Thus, based on the defendant's own statements regarding his use of alcohol, the hearing court properly found that the People had demonstrated alcohol abuse, by clear and convincing evidence (*see People v Goodwin*, 49 AD3d 619, 620 [2008]; *People v Williams*, 34 AD3d at 663).

The hearing court also properly relied upon the defendant's statements to the arresting officers and, subsequently, to the Probation Department, denying having sexually assaulted the four-year-old victim or blaming the child for seducing him, rather than upon the defendant's admission of guilt in his plea allocution, in finding that the People proved by clear and convincing evidence that the defendant failed to accept responsibility for his crime (*see People v Kyle*, 64 AD3d 1177 [2009]; *People v Bright*, 63 AD3d 1133, 1134 [2009]; *People v Wright*, 53 AD3d 963, 964 [2008]; *People v Noriega*, 26 AD3d 767 [2006]; *People v Mitchell*, 300 AD2d 377, 378 [2002]; *People v Chilson*, 286 AD2d 828 [2001]). Further, the hearing court properly relied on the case summary of the Board of Examiners of Sex Offenders in finding that the defendant refused or was expelled from, sex offender treatment (*see People v Bright*, 63 AD3d at 1134).

The defendant's remaining contentions are without merit (*see* Correction Law § 168-a [3], [7] [b]; *People v Forney*, 28 AD3d 446 [2006]; *People v Villane*, 17 AD3d 336, 337 [2005]). Skelos, J.P., Eng, Leventhal and Chambers, JJ., concur.