■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHRISTIAN MABEE, Appellant. [893 NYS2d 585]—

In establishing an offender's appropriate risk level under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the People bear the burden of proving the facts supporting the determination by "clear and convincing evidence" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 571 [2009]; *People v Bright*, 63 AD3d 1133, 1134 [2009]; *People v Hegazy*, 25 AD3d 675, 676 [2006]). The facts at a SORA hearing may be proved, inter alia, by "reliable hearsay" (Correction Law § 168-n [3]), including case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board) (*see People v Mingo*, 12 NY3d at 573). Here, however, the case summary prepared by the Board to assess the defendant's risk level provided only very limited information about his alleged prior history of drug and alcohol abuse. Under these circumstances, the case summary alone was insufficient to satisfy the People's burden of proving, by the requisite clear and convincing evidence, that the defendant had a prior history of drug and alcohol abuse (*see People v Irizarry*, 36 AD3d 473 [2007]; *People v Collazo*, 7 AD3d 595 [2004]). Accordingly, the hearing court should not have assessed the defendant 15 points for a prior history of drug and alcohol abuse under risk factor 11. However, deducting these 15 points from the total points assessed against the defendant does not alter his presumptive risk level.

Contrary to the defendant's contention, the hearing court properly assessed 20 points against him under risk factor 7 because he was a stranger to the victim. The grand jury testimony of the 13-year-old victim, which was offered into evidence at the hearing, revealed that she and the defendant met for the first time on the same day they engaged in sexual intercourse. Thus, the defendant was a stranger to the victim within the meaning of risk factor 7 (*see People v Britt*, 66 AD3d 853 [2009]; *People v Serrano*, 61 AD3d 946, 947 [2009]; *People v Hardy*, 42 AD3d 487 [2007]).

The hearing court also properly assessed the defendant 10 points under risk factor 13 for unsatisfactory conduct while

confined. The defendant's unsatisfactory conduct during his incarceration was established by the case summary, which revealed his recent commission of a tier III disciplinary violation (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16 [2006]; *People v Ealy*, 55 AD3d 1313, 1314 [2008]; *People v Chabrier*, 38 AD3d 355 [2007]).

The defendant's contention that he was improperly assessed 15 points under risk factor 12 because his removal from treatment did not evince a failure to accept responsibility is without merit (*see People v Murphy*, 68 AD3d 832 [2009]; *People v Rouff*, 49 AD3d 517, 518 [2008]; *People v Brister*, 38 AD3d 634 [2007]). Santucci, J.P., Balkin, Eng and Chambers, JJ., concur.