■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JASON HEWITT, Appellant. [900 NYS2d 438]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Sullivan, J.), dated October 23, 2008, which designated him a level three sex offender, pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing the appropriate risk level designation under the Sex Offender Registration Act (*see* Correction Law art 6-C; hereinafter SORA), the People bear the burden of proving the necessary facts by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Lawless*, 44 AD3d 738 [2007]; *People v Hardy*, 42 AD3d 487 [2007]). The facts may be proved, inter alia, by reliable hearsay. "[T]he court shall review . . . any relevant materials and evidence submitted by the sex offender and the district attorney and the recommendation and any materials submitted by the board, and may consider reliable hearsay evidence submitted by either party, provided that it is relevant to the determinations" (Correction Law § 168-n [3]; *see People v Mingo*, 12 NY3d 563, 572-573 [2009]).

In light of the defendant's admissions to the New York City Department of Probation, as revealed in the presentence report, that he used heroin on a daily basis, and based upon the facts that this incident arose out of a drug sale and that the defendant had three prior convictions for criminal possession of a controlled substance prior to the commission of the instant offense, the Supreme Court properly assessed 15 points for risk factor 11, which relates to history of drug abuse (*see People v Murphy*,

68 AD3d 832 [2009]; *People v Struble*, 49 AD3d 1348, 1349 [2008]; *People v Masters*, 19 AD3d 387 [2005]).

Contrary to the defendant's contention, he was properly assessed points for risk factor 7, because he was a stranger to the victim. The grand jury testimony of the victim indicated that the defendant first met the victim when he approached her outside of a bar and offered to sell her cocaine. The rape took place shortly thereafter, when they went to a park to complete the drug transaction. Thus, clear and convincing evidence existed to establish that they were strangers (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]; *People v Mabee*, 69 AD3d 820 [2010]; *People v Serrano*, 61 AD3d 946, 947 [2009]; *People v Lewis*, 45 AD3d 1381, 1381-1382 [2007]; *People v Hardy*, 42 AD3d 487 [2007]).

Accordingly, the Supreme Court's designation of the defendant as a level three sex offender under SORA is supported by clear and convincing evidence and should not be disturbed (*see People v Pardo*, 50 AD3d 992 [2008]). Skelos, J.P., Balkin, Roman and Sgroi, JJ., concur.