Appeal by the defendant from an order of the Supreme Court, Richmond County (Rienzi, J.), dated February 26, 2008, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
Ordered that the order is affirmed, without costs or disbursements.
Contrary to the defendant’s contentions, he was properly assessed 15 points for risk factor 11 (history of drug or alcohol abuse). In 1986, the defendant was convicted of criminal possession of a controlled substance in the fifth degree. In 1993, he was convicted of criminal sale of a controlled substance in the third degree. According to the case summary prepared by the Board of Examiners of Sex Offenders, which constitutes “reliable hearsay” (Correction Law § 168-n [3]; see People v Mabee, 69 AD3d 820 [2010]), the defendant admitted to prison officials *1059 in or around December 1993 that he had a drug problem. Moreover, the case summary indicated that the defendant recently had enrolled in a prison sex offender program designed for chemically-dependent offenders.
The defendant’s prior convictions, coupled with the information contained in the case summary, were sufficient to sustain the points assessed (cf. People v Luebbert, 73 AD3d 1399 [2010]; People v Hewitt, 73 AD3d 880 [2010], lv denied 15 NY3d 706 [2010]; People v Mabee, 69 AD3d 820 [2010]).
Accordingly, the Supreme Court’s designation of the defendant as a level three sex offender under the Sex Offender Registration Act (see Correction Law art 6-C) is supported by clear and convincing evidence and should not be disturbed (see People v Harris, 74 AD3d 767 [2010]).
The defendant’s argument that the Supreme Court misapprehended a portion of his criminal history is unpreserved for appellate review (see People v Teagle, 64 AD3d 549, 550 [2009]). Dillon, J.P., Florio, Leventhal and Chambers, JJ., concur.