■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP KING, Appellant. [914 NYS2d 671]—

Appeal by the defendant, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Grosso, J.),

dated June 6, 2007, as, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

In establishing a defendant's risk level assessment pursuant to the Sex Offender Registration Act (see Correction Law art 6-C), the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n [3]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; People v Hewitt, 73 AD3d 880 [2010]; People v Chambers, 66 AD3d 748 [2009]; People v Bright, 63 AD3d 1133, 1134 [2009]; People v Hardy, 42 AD3d 487 [2007]). Here, contrary to the defendant's contention, the Supreme Court properly assessed 20 points under risk factor 7 because he was a stranger to the victim within the meaning of the Sex Offender Registration Act: Risk Assessment Guidelines and Commentary (see People v Britt, 66 AD3d 853, 853 [2009]; People v Milton, 55 AD3d 1073 [2008]; People v Hardy, 42 AD3d 487 [2007]; People v Kaminski, 38 AD3d 1127, 1128 [2007]; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 12 [2006]; compare People v Helmer, 65 AD3d 68 [2009]; People v McGraw, 24 AD3d 525, 526 [2005]). Accordingly, the Supreme Court correctly designated the defendant a level two sex offender. Skelos, J.P., Dickerson, Belen and Lott, JJ., concur.