■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDREW CRANDALL, Appellant. [934 NYS2d 446]—

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (hereinafter SORA) (*see* Correction Law art 6-C) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based." The Supreme Court here failed to adequately set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Lashway*, 66 AD3d 662, 662 [2009]; *People v Guitard*, 57 AD3d 751, 751 [2008]).

In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; *People v Hewitt*, 73 AD3d 880 [2010]; *People v Chambers*, 66 AD3d 748, 748 [2009]; *People v Bright*, 63 AD3d 1133, 1134 [2009]; *People v Hardy*, 42 AD3d 487 [2007]). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; *People v Mabee*, 69 AD3d 820, 820 [2010]; *People v Bright*, 63 AD3d at 1134; *see also People v Mingo*, 12 NY3d 563 [2009]).

Here, the Supreme Court properly determined that the assessment of 15 points under risk factor 11 of the risk assessment instrument, based on a history of drug or alcohol abuse, was established by clear and convincing evidence. That the defendant had a history of drug abuse in the years leading up to the commission of the instant offense was established by clear and convincing evidence in the form of the defendant's presentence report and the case summary completed by the Board. Additionally, it was established by clear and convincing evidence

that the defendant "was abusing drugs . . . at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; *see People v Carpenter*, 60 AD3d 833 [2009]; *People v Robinson*, 55 AD3d 708 [2008]), which, under the Guidelines, will generally justify the assessment of points in this category. Moreover, while the defendant claims that he has abstained from drug and alcohol abuse during his lengthy incarceration (*see e.g. People v Abdullah*, 31 AD3d 515, 516 [2006]), the record establishes, by clear and convincing evidence, that the defendant has been disciplined while incarcerated for unauthorized medication. Thus, we conclude that the assessment of 15 points under this risk factor was proper.

The Supreme Court also properly assessed the defendant 10 points under risk factor 13, for exhibiting unsatisfactory conduct while incarcerated. The record established, by clear and convincing evidence, that the defendant received at least five tier II and five tier III disciplinary violations between 2003 and 2008. Additionally, his conduct while incarcerated resulted in a separate criminal conviction of attempted promoting prison contraband in the first degree (*see* Penal Law §§ 110.00, 205.25). The Board's case summary stated that the defendant's "custodial adjustment is extremely poor and includes him serving over 2,000 days in a Special Housing Unit . . . His custodial record reflects a continuation of violent conduct and aggressive acts and a general inability to self-regulate his behaviors." Accordingly, we conclude that the assessment of 10 points for unsatisfactory conduct while incarcerated was supported by clear and convincing evidence.

Thus, we conclude that the Supreme Court properly designated the defendant a level three sex offender.

The defendant's remaining contentions are unpreserved for appellate review and, in any event, without merit. Dillon, J.P., Angiolillo, Florio and Dickerson, JJ., concur.