■ THE PEOPLE OF STATE OF NEW YORK, Respondent, v STEVEN DETURRIS, Appellant. [934 NYS2d 336]—

The County Court's designation of the defendant as a level two sex offender under the Sex Offender Registration Act (hereinafter SORA) was supported by clear and convincing evidence (*see* Correction Law art 6-C; *People v Dong V. Dao*, 9 AD3d 401, 401-402 [2004]). Contrary to the defendant's contention, the County Court properly assessed 15 points, under risk factor 11, for a history of drug abuse (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; *People v Guitard*, 57 AD3d 751, 752 [2008]). The facts as contained in the presentence report, which was offered by the People at the SORA hearing, provided a sufficient basis for the assessment of those 15 points (*see People v Smith*, 78 AD3d 917, 918 [2010]; *see also People v Guitard*, 57 AD3d 751 [2008]; *cf. People v Mabee*, 69 AD3d 820 [2010]). In addition, this same evidence, along with the risk assessment instrument, as well as the defendant's own testimony at the SORA hearing, demonstrated that the defendant had not accepted responsibility for his conduct (*see People v Garcia*, 56 AD3d 539 [2008]; *People v Alvarez*, 49 AD3d 704 [2008]; *People v Lawless*, 44 AD3d 738 [2007]). Therefore, the defendant was also properly assessed 10 points under risk assessment instrument risk factor 12, "Acceptance of Responsibility."

Consequently, the determination of the County Court to uphold the 75 points which the Board ascribed to the defendant in the risk assessment instrument, and to designate the defendant a level two offender, should not be disturbed (*see People v Pardo*, 50 AD3d 992 [2008]). Mastro, A.P.J., Hall, Sgroi and Cohen, JJ., concur.