THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM THOMPSON, Appellant. [943 NYS2d 771]—

Appeal by the defendant from an order of the Supreme Court, Nassau County (Calabrese, J.), dated September 15, 2010, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]). Here, the Supreme Court failed adequately to set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Lashway*, 66 AD3d 662, 662 [2009]; *People v Guitard*, 57 AD3d 751, 751 [2008]).

In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; *People v Hewitt*, 73 AD3d 880 [2010]; *People v Chambers*, 66 AD3d 748, 748 [2009]; *People v Bright*, 63 AD3d 1133, 1134 [2009]; *People v Hardy*, 42 AD3d 487 [2007]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners

of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 5 [2006]; *People v Mabee*, 69 AD3d 820, 820 [2010]; *see also People v Mingo*, 12 NY3d 563 [2009]).

Here, as the defendant correctly contends, the evidence offered by the People in support of their contention that the defendant should be assessed 15 points under risk factor 11, for drug or alcohol abuse, was insufficient to satisfy the People's burden of proving, by clear and convincing evidence, that the defendant had "a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary, at 15 [2006]; *see People v Mabee*, 69 AD3d at 820). Accordingly, the Supreme Court should not have assessed the defendant 15 points under risk factor 11. However, deducting these 15 points from the total points assessed against the defendant does not alter his presumptive risk level.

Contrary to the defendant's contention, the Supreme Court properly assessed 10 points against him under risk factor 12, for failure to accept responsibility for his conduct. The evidence before the Supreme Court, including the defendant's statements to the Nassau County Probation Department and the contents of the presentence report, demonstrated by clear and convincing evidence that the defendant had not accepted responsibility for his conduct (*see People v Deturris*, 90 AD3d 727, 727 [2011]; *People v Chandler*, 80 AD3d 741, 742 [2011]).

Accordingly, the Supreme Court properly designated the defendant a level two sex offender. Angiolillo, J.P., Dickerson, Hall and Cohen, JJ., concur.