The defendant’s contentions that the procedures employed at his Sex Offender Registration Act (hereinafter SORA) risk level assessment hearing violated due process are without merit.
The County Court’s designation of the defendant as a level two sex offender is supported by clear and convincing evidence (see Correction Law § 168-n [3]). The County Court properly assessed the defendant 10 points under risk factor 8 because he was less than 20 years old at the time of his first act of sexual misconduct. Contrary to the defendant’s contention, the SORA Risk Assessment Guidelines and Commentary expressly state that an offender’s age at the first act of sexual misconduct under this risk factor “includes his age at the time of the commission of the instant offense” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 13 [2006]). The court also properly assessed the defendant 15 points under risk factor 11 for a history of drug or alcohol abuse. The People established by clear and convincing evidence that the defendant had a history of substance abuse, and was abusing marijuana and/or alcohol at the time of the underlying incident (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; see also People v Crandall, 90 AD3d 628, 629-630 [2011]; People v Carpenter, 60 AD3d 833, 833 [2009]; People v Robinson, 55 AD3d 708, 708 [2008]). It is true that, where a defendant “abused drugs and/or alcohol in the distant past, but his more recent history is one of prolonged abstinence, the Board or court may choose to score zero points in this category” (Sex Offender Registration Act: Risk Assessment Guidelines *777 and Commentary at 15 [2006]). Here, however, although the defendant claims that his alcohol use is now manageable, there is no evidence in the record demonstrating prolonged abstinence on his part.
The County Court also properly assessed the defendant 10 points under risk factor 12, for failure to accept responsibility for his conduct. The evidence before the County Court, specifically the defendant’s statements in a letter to the Board of Examiners of Sex Offenders (hereinafter the Board) written prior to the Board’s issuance of its recommendations, demonstrated by clear and convincing evidence that the defendant had not accepted responsibility for his conduct (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15-16 [2006]; see also People v Thompson, 95 AD3d 977, 978 [2012], lv denied 19 NY3d 811 [2012]).
The defendant was afforded meaningful representation at the SORA hearing (see People v Baldi, 54 NY2d 137, 147 [1981]; People v Reynolds, 90 AD3d 630, 631 [2011]; People v Bowles, 89 AD3d 171, 181 [2011]). Dillon, J.P., Dickerson, Austin and Miller, JJ., concur.