■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVE HARRIS, Appellant. [953 NYS2d 671]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Del Giudice, J.), dated October 15, 2010, which, after a hearing, inter alia, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

Correction Law § 168-n (3) requires a court making a risk level determination pursuant to the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]) to "render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based" (Correction Law § 168-n [3]; *see People v Leopold*, 13 NY3d 923, 924 [2010]). Here, the Supreme Court failed adequately to set forth its findings of fact and conclusions of law in its order. However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Thompson*, 95 AD3d 977, 977 [2012], *lv denied* 19 NY3d 811 [2012]; *People v Harris*, 93 AD3d 704, 704 [2012]; *People v Crandall*, 90 AD3d 628, 629 [2011]; *People v Lashway*, 66 AD3d 662, 662 [2009]; *People v Guitard*, 57 AD3d 751, 751 [2008]).

"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence" (*People v Thompson*, 95 AD3d at 977; *see* Correction Law § 168-n [3]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Hewitt*, 73 AD3d 880 [2010]; *People v Chambers*, 66 AD3d 748, 748 [2009]; *People v Bright*, 63 AD3d 1133, 1134 [2009]; *People v Hardy*, 42 AD3d 487, 487 [2007]). " 'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising proba-

tion officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay' " (*People v Thompson*, 95 AD3d at 977-978, quoting *People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; *People v Mabee*, 69 AD3d 820, 820 [2010]; *see also People v Mingo*, 12 NY3d 563 [2009]).

Here, as the defendant correctly contends, the evidence in support of the People's contention that the defendant should be assessed 20 points under risk factor 3, for two victims being involved, was not sufficient to satisfy the People's burden of proving the required facts by clear and convincing evidence. Similarly, the assessment of 20 points under risk factor 6, "[o]ther victim characteristics," was also not supported by clear and convincing evidence.

Conversely, the remaining points assessed by the Supreme Court were supported by clear and convincing evidence. Contrary to the defendant's contention, the Supreme Court properly assessed him 15 points under risk factor 12 for failure to accept responsibility. In addition to the defendant's initial denials of any involvement in the crimes, the People established by clear and convincing evidence that he was expelled from a treatment program while incarcerated. The defendant did not challenge the points assessed under risk factors 1 (30 points), 2 (25 points), 7 (20 points), 9 (30 points), and 14 (15 points). With a total of 135 points, the defendant was properly designated a level three sex offender.

Contrary to the defendant's contention, his due process rights were not violated at the SORA hearing.

The parties' remaining contentions are without merit. Florio, J.P., Dickerson, Sgroi and Miller, JJ., concur.