Appeal by the defendant from an order of the Supreme Court, Kings County (Brennan, J.), dated October 14, 2011, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
Ordered that the order is reversed, on the law and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level one sex offender.
In early 2005, when the defendant was 26 years old, he had *681 sexual intercourse in New Hampshire with a 15-year-old girl. For that crime, the defendant was convicted of felonious sexual assault, which prohibits sexual intercourse with a victim who is under 16 years of age where the age difference between the defendant and the victim is four years or more (see NH Rev Stat Ann § 632-A:3 [II]). The defendant became subject to New York’s Sex Offender Registration Act (hereinafter SORA) (see Correction Law § 168 et seq.) upon moving to New York (see Correction Law §§ 168-a [2] [d]; 168-k). In 2011, the Supreme Court conducted a SORA hearing and designated the defendant a level two sex offender, declining to downwardly depart from the presumptive risk level. The defendant appeals.
The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders under SORA (see Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]; People v Harris, 100 AD3d 727, 727 [2012]; People v Thompson, 95 AD3d 977, 977 [2012]). On appeal, the defendant first contends that the hearing court erroneously assessed him 15 points under risk factor 11 (Drug or Alcohol Abuse), based on his alleged use of marijuana. The Guidelines provide for points in this category because drug and alcohol abuse are “highly associated” with sex offending, not as a cause of offending, but as a “disinhibitor and therefore ... a precursor to offending” (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15). Under risk factor 11, possession of marijuana does not, in itself, amount to drug abuse (see People v Thompson, 95 AD3d at 978; cf. People v Palmer, 20 NY3d 373 [2013]). There was no evidence presented at the hearing that the defendant ever abused marijuana. Therefore, we agree with the defendant that the hearing court erred in assessing points under this risk factor (see People v Thompson, 95 AD3d at 978).
Even after deducting the 15 points assessed under risk factor 11, the defendant is still a presumptive level two sex offender. The defendant thus further contends that the hearing court improvidently exercised its discretion in denying his request that it depart from the presumptive risk level to find that he is a level one sex offender. A court has the discretion to downwardly depart from the presumptive risk level when the defendant satisfies a twofold threshold showing: “(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is *682 otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence” (People v Wyatt, 89 AD3d 112, 128 [2011]; see People v October, 101 AD3d 975, 975-976 [2012]). In determining whether to exercise that discretion, the court must examine “all circumstances relevant to the offender’s risk of reoffense and danger to the community” (People v Wyatt, 89 AD3d at 128).
As specifically relevant to this case, the SORA Guidelines provide that “[a] court may choose to downwardly depart from the risk assessment ‘in an appropriate case and in those instances where (i) the victim’s lack of consent is due only to inability to consent by virtue of age and (ii) scoring 25 points [for sexual contact with the victim, risk factor 2] results in an over-assessment of the offender’s risk to public safety’ ” (People v Fryer, 101 AD3d 835, 836 [2012], quoting Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9; see People v Goossens, 75 AD3d 1171, 1172 [2010]). The evidence in this case proves the existence of the facts supporting this ground for departure.
It is true, as our dissenting colleague points out, that there was an 11-year difference in age between the defendant and the victim, and that the victim became pregnant as a result of the defendant’s crime. We share our colleague’s concern about these facts and about the significance of the age differential (see People v Fryer, 101 AD3d at 836). Nevertheless, the purposes of the SORA Guidelines are to assess the risk that a sex offender will reoffend and the offender’s threat to public safety (see Correction Law § 168-1 [5]). There is no evidence here that the defendant committed his crime with the intention that the victim become pregnant, so the fact that a pregnancy did result is irrelevant to the SORA risk level determination.
Moreover, the evidence at the hearing demonstrated that the defendant pays child support to the victim. While, as our dissenting colleague points out, payment of child support is a legal obligation, it was undisputed at the hearing that the defendant not only pays child support, but that he also regularly travels a significant distance to visit the child. These facts establish that the defendant truly has taken responsibility for the consequences of his crime, and not just with respect to his legal obligation. That circumstance, combined with the fact that the victim’s lack of consent was due only to inability to consent by virtue of age, convinces us that the assessment of 25 points under risk factor 2 results in an over assessment of the defendant’s risk to public safety (see People v Tineo-Morales, 101 AD3d *683 839, 840 [2012]; People v Weatherley, 41 AD3d 1238, 1239 [2007]; cf. People v Fryer, 101 AD3d at 836). Accordingly, a downward departure is appropriate, and the defendant is reclassified as a level one sex offender. Balkin, Chambers and Cohen, JJ., concur.