■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GREGORY VELAZQUEZ, Appellant. [13 NYS3d 574]—

Appeal by the defendant from an order of the Supreme Court, Queens County (Zaro, J.), dated June 17, 2013, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

The People bear the burden of establishing, by clear and convincing evidence, the facts supporting the assessment of points under the Guidelines issued by the Board of Examiners of Sex Offenders pursuant to the Sex Offender Registration Act (*see* Correction Law § 168-n [3]; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). "[E]vidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see* Correction Law § 168-n [3]).

Here, as the defendant correctly contends, the hearing court erred in assessing points under risk factor 11 (Drug or Alcohol Abuse) based solely on the fact that the defendant's criminal history includes convictions for the possession and sale of marijuana. Under risk factor 11, possession or sale of marijuana does not, in itself, amount to drug abuse (*see People v Marsh*, 116 AD3d 680, 681 [2014]; *People v Thompson*, 95 AD3d 977, 978 [2012]; *see also* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *cf. People v Palmer*, 20 NY3d 373, 378 [2013]). Since the People presented no evidence that the defendant had ever used, much less abused, drugs or alcohol, the evidence offered by the People was insufficient to satisfy their burden of proving, by clear and convincing evidence, that the defendant had "a substance abuse history or was abusing drugs and or alcohol at the time of the offense" (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 15 [2006]; *see People v Marsh*, 116 AD3d 680, 681 [2014]; *People v Thompson*, 95 AD3d 977, 978 [2012]).

However, even after deducting the 15 points assessed under risk factor 11, which are the only assessed points the defendant challenges on appeal, the defendant is still a presumptive level two sex offender (*see People v Perez*, 115 AD3d 919, 919-920 [2014]; *People v Thompson*, 95 AD3d at 978). The defendant thus further contends that the hearing court should have

granted his request that it depart from the presumptive risk level to find that he is a level one sex offender.

In seeking a departure from the presumptive risk level, a defendant must first identify a mitigating circumstance or circumstances "of a kind or to a degree not adequately taken into account by the guidelines" (*People v Gillotti*, 23 NY3d 841, 861 [2014]; *see People v Shelton*, 126 AD3d 959, 960 [2015]; *People v Torres*, 124 AD3d 744, 745 [2015]). The defendant then has the burden of proving by a preponderance of the evidence the existence of those circumstances in his or her case (*see People v Gillotti*, 23 NY3d at 861, 864; *People v Shelton*, 126 AD3d at 960; *People v Torres*, 124 AD3d at 745).

Here, the mitigating circumstances identified by the defendant either were adequately taken into account by the guidelines (*see People v Torres*, 124 AD3d at 745; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 16-17 [2006]), or were not proven by a preponderance of the evidence (*see People v Jamison*, 127 AD3d 947 [2015]; *People v Collick*, 127 AD3d 830 [2015]). Accordingly, the defendant was not entitled to a downward departure from the presumptive risk level, and he was properly designated a level two sex offender. Mastro, J.P., Leventhal, Roman and Miller, JJ., concur.