■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSE VILLANUEVA, Appellant. [38 NYS3d 805]—

Appeal by the defendant from an order of the Supreme Court, Richmond County (Meyer, J.), dated January 12, 2012, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (SORA) (see Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n [3]; People v Eaton, 105 AD3d 722, 723 [2013]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629 [2011]). "Case summaries and presentence reports certainly meet the 'reliable hearsay' standard for admissibility at SORA proceedings" (People v Mingo, 12 NY3d 563, 573 [2009]).

Contrary to the defendant's contention, the Supreme Court properly assessed 15 points against him under risk factor 11 for history of drug or alcohol abuse. The assessment of these points was supported by clear and convincing evidence in the record, including the presentence report prepared by the Department of Probation, which states that the defendant admitted he was intoxicated at the time of the offense and had a history of drug and alcohol abuse (cf. People v Palmer, 20 NY3d 373, 378 [2013]). Further, the defendant admitted during his intake interview with the New York State Department of Corrections and Community Supervision to abusing alcohol and cocaine. Eng, P.J., Leventhal, Maltese and Connolly, JJ., concur.