People v Brown (2018 NY Slip Op 05209)





People v Brown


2018 NY Slip Op 05209


Decided on July 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JEFFREY A. COHEN
COLLEEN D. DUFFY
FRANCESCA E. CONNOLLY, JJ.


2016-00702

[*1]People of State of New York, respondent,
v
Solomon Brown, appellant.


Paul Skip Laisure, New York, NY (Michael Arthus of counsel), for appellant.
Richard A. Brown, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, and Merri Turk Lasky of counsel; Cameron Richard Kummer on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Robert A. Schwartz, J.), dated December 16, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]).
Contrary to the defendant's contention, the People established, by clear and convincing evidence, that the defendant and the victim were strangers within the meaning of SORA (see SORA: Risk Assessment Guidelines and Commentary [hereinafter SORA Guidelines] at 12; People v Mitchell, 142 AD3d 542, 543; People v Mabee, 69 AD3d 820, 820). Thus, we agree with the Supreme Court's assessment of 20 points under risk factor 7.
Further, the People presented clear and convincing evidence that the defendant did not genuinely accept responsibility for his conduct, thus warranting the assessment of 10 points under risk factor 12 (see SORA Guidelines at 15-16; People v Ramos, 147 AD3d 1090, 1090-1091; People v Murphy, 68 AD3d 832, 833).
An upward departure from the presumptive risk level is permitted only if the court determines, upon clear and convincing evidence, " that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] guidelines'" (People v Gillotti, 23 NY3d 841, 853, quoting SORA Guidelines at 4 [internal quotation marks omitted]). Here, contrary to the defendant's contention, the People presented clear and convincing evidence that the defendant's attempted murder of the victim while he was out on bail awaiting trial for the underlying sexual offense constituted an aggravating factor not adequately taken into account by the SORA Guidelines (see People v Nicholas P., 151 AD3d 500, 501; People v Buss, 44 AD3d 634, 635, affd 11 NY3d 553). Under the circumstances, the court providently exercised its discretion in granting the People's application for an upward departure (see People v Gillotti, 23 NY3d at 861). Accordingly, the defendant was properly designated a level three sex offender.
SCHEINKMAN, P.J., COHEN, DUFFY and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court