People v Hernandez (2020 NY Slip Op 05540)





People v Hernandez


2020 NY Slip Op 05540


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-09717

[*1]People of State of New York, respondent,
v
Angel L. Hernandez, appellant. Bruce R. Bekritsky, Mineola, NY, for appellant.


Madeline Singas, District Attorney, Mineola, NY (Brian Witthuhn and Rebecca L. Abensur of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), dated July 3, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is reversed, on the law and the facts, without costs or disbursements, and the defendant is designated a level one sex offender.
After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level two sex offender based on its assessment of 80 points, which placed the defendant within the range for a presumptive level two designation. On this appeal, the defendant challenges the assessment of points under risk factor 6, imposed because the victim suffered from a mental incapacity, and risk factor 13, imposed based upon an assessment that the defendant's conduct while confined was unsatisfactory. The defendant was not assessed any points under risk factor 7, so the defendant's arguments on appeal with respect to risk factor 7 are academic.
Contrary to the defendant's contention, the People proved by clear and convincing evidence that he was properly assessed points under risk factor 6, based on the victim's mental disability (see People v Brown, 131 AD3d 520). However, the record does not contain clear and convincing evidence to support the assessment of 10 points under risk factor 13, for "unsatisfactory" conduct while confined, based upon his conviction of the class A misdemeanor of promoting prison contraband in the second degree (Penal Law § 205.20). This conviction constituted the sole act of misconduct while confined cited by the People, and it occurred approximately four years before the SORA hearing, prior to the defendant's transfer to State prison. Since the defendant's misconduct was neither recent nor repeated, the assessment of points for that misdemeanor was not supported by the record (see SORA: Risk Assessment Guidelines and Commentary at 16; cf. People v Guadeloupe, 173 AD3d 910; People v Holmes, 166 AD3d 821; People v Marquez, 165 AD3d 986; People v Hitchcock, 165 AD3d 849; People v Lima-Sanchez, 162 AD3d 698; People v Crandall, 90 AD3d 628). With the elimination of the 10 points under risk factor 13, the defendant's risk assessment score is 70 points, rendering him presumptively a level one sex offender. Accordingly, the defendant should be designed a level one sex offender.
DILLON, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court