People v Daniel (2021 NY Slip Op 04501)





People v Daniel


2021 NY Slip Op 04501


Decided on July 21, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 21, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-13939

[*1]The People of State of the State of New York, respondent,
v
Webster Daniel, appellant. Janet E. Sabel, New York, NY (Robin Richardson of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated October 17, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On January 23, 2018, the defendant pleaded guilty to attempted luring a child (Penal Law §§ 110.00, 120.70). He was sentenced to a term of imprisonment of one to three years. Prior to a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Board of Examiners of Sex Offenders (hereinafter the Board) prepared a risk assessment instrument (hereinafter RAI) in which it assessed the defendant 30 points under risk factor 5 (age of victim: 10 years old or less), 20 points under risk factor 7 (relationship with victim: stranger), 15 points under risk factor 9 (number and nature of prior crimes: prior history/non-violent felony), 15 points under risk factor 11 (history of drug or alcohol abuse), and 20 points under risk factor 13 (conduct while confined/supervised: unsatisfactory with sexual misconduct). This scoring resulted in a total risk factor score of 100 and a presumptive risk level two designation. The People also prepared an RAI, in which it assessed the defendant 10 points under risk factor 1 (use of violence: used forcible compulsion) and 30 points under risk factor 9 (number and nature of prior crimes: prior sex offense), in addition to those points assessed by the Board under risk factors, 5, 7, 11, and 13, which resulted in a total risk factor score of 125 and a presumptive risk level three designation. After a SORA hearing, the Supreme Court essentially agreed with the scoring set forth in the People's RAI except that the court assessed the defendant 10 points under risk factor 1 and reduced the amount of points assessed under risk factor 9 to 5 points, finding that the People failed to establish by clear and convincing evidence that the defendant was previously convicted of a sex offense or non-violent felony. The court assessed the defendant a total of 100 points and designated him a level two sex offender. On appeal, the defendant contends that the court, in determining his risk level, improperly assessed points under risk factors 11 and 13.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; see also SORA: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Hewitt, 73 AD3d 880; People v Chambers, 66 AD3d 748, [*2]748; People v Bright, 63 AD3d 1133, 1134). In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board, or any other reliable source, including reliable hearsay (see Guidelines at 5; People v Mabee, 69 AD3d 820, 820; People v Bright, 63 AD3d at 1134; see also People v Mingo, 12 NY3d 563).
Here, the Supreme Court should not have assessed the defendant 15 points under risk factor 11 for history of drug or alcohol abuse. Assessment of points under risk factor 11 may be appropriate if the offender has a "history" (Guidelines at 15) of substance abuse or if the offender "was abusing drugs and or alcohol at the time of the offense" (id.; see People v Palmer, 20 NY3d 373, 379-380; People v Santogual, 157 AD3d 737, 737; People v Madison, 153 AD3d 737, 737-738). The commentary to the Guidelines indicates that points should be assessed under this category where, among other situations, the offender "was abusing . . . alcohol [or drugs] at the time of the offense" (Guidelines at 15; see People v Palmer, 20 NY3d at 378). The People can establish that an offender was abusing alcohol or drugs at the time of the offense by demonstrating, through clear and convincing evidence, that the offender used drugs or drank alcohol in excess either at the time of the crime or repeatedly in the past (see People v Palmer, 20 NY3d at 378; People v Perry, 165 AD3d 990).
The People did not meet their burden of proving the facts underlying the disputed points assessment with respect to risk factor 11 by clear and convincing evidence (see People v Santogual, 157 AD3d at 737). The presentence investigation report contained ambiguous information about the defendant's marijuana use between the ages of 19 and 25, at least 16 years before the subject sex offense occurred, and, as of the date of the SORA hearing, the defendant had maintained a 19-year period of abstinence such that any history of substance abuse was too remote in time (see People v Trotter, 163 AD3d 729, 730; People v Abdullah, 31 AD3d 515, 516). Moreover, the evidence at the hearing did not establish that the defendant abused or was under the influence of alcohol or drugs at the time of the offense (see People v Madison, 153 AD3d at 737-738; cf. People v Villanueva, 143 AD3d 794, 794).
However, the defendant's contention that he should not have been assessed 20 points for unsatisfactory conduct while confined is without merit. The case summary demonstrated that the defendant committed a tier II disciplinary infraction for asking an employee of the Department of Corrections and Community Supervision for oral sex while confined. The details of a prison disciplinary infraction in a case summary constitutes clear and convincing evidence that the infraction occurred (see People v Marquez, 165 AD3d 986, 987; People v Williams, 100 AD3d 610, 611).
Even considering the deduction of 15 points related to risk factor 11 from the total points assessed against the defendant, this deduction does not alter his presumptive risk level (see People v Velazquez, 130 AD3d 997, 998).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court