People v Carrington (2024 NY Slip Op 04083)

People v Carrington

2024 NY Slip Op 04083

Decided on July 31, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 31, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
LAURENCE L. LOVE, JJ.

2022-10263

[*1]The People of the State of New York, respondent, 
v
Jerome Carrington, appellant. 

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated October 24, 2022, which, after a hearing, designated him a level two sexually violent offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted in Virginia of attempted rape (Va Code Ann §§ 18.2-61, 18.2-67.5[A]) and maliciously causing bodily injury (id. § 18.2-51). Upon establishing residence in New York, the defendant was required to register as a sex offender under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]; see §§ 168-a, 168-k). After a hearing, the County Court designated the defendant a level two sexually violent offender. The defendant appeals.
"In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determination sought by clear and convincing evidence" (People v Guadeloupe, 173 AD3d 910, 911; see Correction Law § 168-n[3]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]). Here, the People established by clear and convincing evidence that the defendant inflicted physical injury upon the victim, that he was convicted of a felony in 1984, and that he had incurred nine violations during his incarceration for the attempted rape conviction in Virginia. Accordingly, the County Court properly assessed the defendant 15 points under risk factor 1 (use of violence), 15 points under risk factor 9 (number and nature of prior crimes), and 10 points under risk factor 13 (conduct while confined).
Contrary to the defendant's contention, the County Court properly denied his application for a downward departure since the purported mitigating factors identified by the defendant, including, inter alia, his family support, physical condition, and the remoteness of his conviction, were either adequately taken into account by the Guidelines or not an appropriate mitigating factor as a matter of law (see People v Gillotti, 23 NY3d 841, 861; People v Parisi, 212 [*2]AD3d 666, 668).
The defendant's constitutional challenge is without merit (see People v Knox, 12 NY3d 60, 69).
DUFFY, J.P., CHRISTOPHER, WAN and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court