People v Guerrero (2025 NY Slip Op 01399)

People v Guerrero

2025 NY Slip Op 01399

Decided on March 12, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 12, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
WILLIAM G. FORD
CARL J. LANDICINO
DONNA-MARIE E. GOLIA, JJ.

2023-03983

[*1]The People of the State of New York, respondent,
v
Miguel Moran Guerrero, appellant.

Bruce R. Bekritsky, Carle Place, NY, for appellant.
Anne T. Donnelly, District Attorney, Mineola, NY (Jason R. Richards and Monica M.C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert A. McDonald, J.), entered March 31, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points on the risk assessment instrument, presumptively placing him within the range for a level two designation. In an order entered March 31, 2023, the court designated the defendant a level two sex offender. On appeal, the defendant contends that the People failed to establish, by clear and convincing evidence, facts to support the assessment of 20 points under risk factor 4 (duration of offense conduct with victim), 30 points under risk factor 5 (age of victim), 15 points under risk factor 14 (supervision), and 10 points under risk factor 15 (living/employment situation).
In establishing a defendant's risk level pursuant to SORA, the People "bear the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Bullock, 217 AD3d 886, 887). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]).
Here, the People established by clear and convincing evidence that 30 points should be assessed under risk factor 5 based upon the age of the victim being 10 years or less (see People v Holmes, 222 AD3d 791, 791). Moreover, contrary to the defendant's contention, the assessment of 15 points under risk factor 14 and 10 points under risk factor 15 was supported by clear and convincing evidence in the record (see People v Mingo, 12 NY3d 563, 573-574; People v Sesay, 208 AD3d 1373; People v Vasquez, 189 AD3d 1480, 1481).
In light of our determination, we need not address the defendant's contention that he [*2]was improperly assessed 20 points under risk factor 4, since, even without the assessment of those points, the defendant's point total would have been 75, and thus his presumptive risk level would have remained at two.
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
DILLON, J.P., FORD, LANDICINO and GOLIA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court