■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JERMEL MITCHELL, Appellant. [36 NYS3d 490]—

Appeal by the defendant from an order of the Supreme Court, Kings County (Chun, J.), dated April 9, 2013, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C [hereinafter SORA]), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *People v Pettigrew*, 14 NY3d 406, 408 [2010]; *People v Mingo*, 12 NY3d 563, 571 [2009]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders (hereinafter the Board), or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d at 571-573).

Here, contrary to the defendant's contention, the People established by clear and convincing evidence, including the victim's grand jury testimony and the presentence report, that the defendant inflicted physical injury on the victim, which supported the assessment of 15 points under risk factor 1 (*see* Penal Law § 10.00 [9]; *People v Davis*, 115 AD3d 918, 918 [2014]; *People v Argueta*, 114 AD3d 651, 652 [2014]). Moreover, the Supreme Court properly determined that, because the defendant was a stranger to the victim, the assessment of 20 points under risk factor 7 was supported by clear and convincing evidence. Among other things, the victim's grand jury testimony revealed that she and the defendant met for the first time on the night of the offense, thus establishing that the defendant was a stranger to the victim within the meaning of risk factor 7 (*see People v Mabee*, 69 AD3d 820, 820 [2010]; *People v Serrano*, 61 AD3d 946, 947 [2009]).

In addition, contrary to the defendant's contention, the Supreme Court properly determined that the assessment of 15 points under risk factor 11, based on a history of drug or alcohol abuse, was supported by clear and convincing evidence. Among other things, the presentence investigation report and the case summary prepared by the Board indicate that the defendant admitted to a prior history of alcohol abuse and received residential treatment for substance abuse at the Phoenix House from 2007 through 2009. Further, those documents demonstrate that the defendant was previously convicted of attempted criminal possession of a controlled substance in the fifth degree (*see People v Jamison*, 127 AD3d 947 [2015]; *People v Finizio*, 100 AD3d 977, 978 [2012]; *cf. People v Palmer*, 20 NY3d 373 [2013]).

The defendant's contention that he should have been granted

a downward departure from his presumptive risk level determination is unpreserved for appellate review (*see generally People v Palacios*, 137 AD3d 761 [2016]; *People v Aldarondo*, 136 AD3d 770, 771 [2016]). In any event, the Supreme Court providently exercised its discretion in denying the defendant's request for a downward departure from his presumptive risk level designation, as the record does not reflect the existence of a mitigating factor warranting a downward departure (*see People v Lucius*, 122 AD3d 819, 819-820 [2014]; *see generally People v Wyatt*, 89 AD3d 112 [2011]). Mastro, J.P., Maltese, Duffy and Brathwaite Nelson, JJ., concur.