■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GEORGE R. MERCER, Appellant. [50 NYS3d 458]—

Appeal by the defendant from an order of the County Court, Dutchess County (Forman, J.), dated September 3, 2015, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is affirmed, without costs or disbursements.

In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (*see* Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (*see* Correction Law § 168-n [3]; *People v Mitchell*, 142 AD3d 542, 543 [2016]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (*People v Crandall*, 90 AD3d 628, 629 [2011]; *see People v Mingo*, 12 NY3d 563, 573 [2009]).

Contrary to the defendant's contention, the County Court adequately set forth its findings of fact and conclusions of law with respect to its assessment of 25 points under risk factor 2 ("sexual intercourse, deviate sexual intercourse or aggravated sexual abuse") and 10 points under risk factor 12 ("not accepted responsibility") (Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 9, 16 [Nov. 1997]; *see* Correction Law § 168-n [3]). Further, the court properly assessed the defendant 25 points under risk factor 2 based on the complainant's grand jury testimony, which established that the defendant engaged in anal sexual conduct with the complainant (*see* Penal Law § 130.00 [2] [b]). The court also properly assessed the defendant 10 points under risk factor 12 based on the defendant's failure to accept responsibility for his conduct (*see People v Benitez*, 140 AD3d 1140, 1140-1141 [2016]).

In denying the defendant's request for a downward departure, the County Court failed to adequately set forth its findings of fact and conclusions of law (*see* Correction Law § 168-n [3]). However, since the record is sufficient for this Court to make its own findings of fact and conclusions of law, remittal is not required (*see People v Stewart*, 123 AD3d 784, 784 [2014]; *People v Brown*, 116 AD3d 1017, 1017-1018 [2014]). Upon our review of the record, we conclude that the court properly denied the defendant's request for a downward departure from his

presumptive risk level (*see People v Rodriguez*, 145 AD3d 489 [2016]; *People v Adams*, 44 AD3d 1020 [2007]) and, thus, properly designated him a level three sex offender. Dillon, J.P., Roman, Hinds-Radix and Duffy, JJ., concur.