■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JINES GARCIA, Appellant. [59 NYS3d 783]—

Appeal by the defendant from an order of the Supreme Court, Westchester County (Cacace, J.), dated June 16, 2016, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.

Ordered that the order is reversed, on the facts and in the exercise of discretion, without costs or disbursements, and the defendant is designated a level two sex offender.

In this proceeding under the Sex Offender Registration Act (Correction Law art 6-C [hereinafter SORA]), the Supreme Court assessed the defendant 75 points on the risk assessment instrument (hereinafter the RAI), which was within the range for a presumptive designation as a level two sex offender. The court, however, upwardly departed from the presumptive risk level on the basis of the defendant's continued use of drugs while imprisoned and his theft of property from a friend during the pendency of the underlying criminal prosecution. On this appeal, the defendant challenges the assessment of 15 points under risk factor 1 for infliction of physical injury, rather than only 10 points under that risk factor for use of forcible compulsion. Specifically, he contends that the People did not prove that the victim suffered substantial pain as a result of the forcible sexual assault. He also contends that the court improvidently exercised its discretion in granting the People's request for an upward departure to designate him a level three sex offender.

In establishing a defendant's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (*see* Correction Law § 168-n [3]; *People v Mercer*, 148 AD3d 1187, 1188 [2017]; *People v Mitchell*, 142 AD3d 542, 543 [2016]; *People v Wyatt*, 89 AD3d 112, 117-118 [2011]). In meeting their burden, the People may rely on the defendant's admissions, the

victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders, or, indeed, any other reliable source (*see People v Mingo*, 12 NY3d 563, 573 [2009]; *People v Mercer*, 148 AD3d at 1188; *People v Crandall*, 90 AD3d 628, 629 [2011]). Here, the People submitted sufficient evidence, including the victim's grand jury testimony, her medical records, and a statement she provided to the police on the night of the sexual assault, to establish by clear and convincing evidence that she suffered substantial pain as a result of the defendant's sexual assault on her (*see People v Sullivan*, 64 AD3d 67, 74 [2009]; *People v Fisher*, 22 AD3d 358, 358 [2005]). Accordingly, the Supreme Court properly assessed points under risk factor 1 for infliction of physical injury (*see* Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006] [hereinafter Guidelines]; Penal Law § 10.00 [9]; *People v Sullivan*, 64 AD3d at 74).

Once the presumptive risk level has been established at a risk level hearing, the court is permitted to depart from it if "special circumstances" warrant a departure (Guidelines at 4). A court may upwardly depart, however, only if it concludes, upon clear and convincing evidence, "that there exists an aggravating . . . factor of a kind, or to a degree, that is otherwise not adequately taken into account" by the Guidelines (Guidelines at 4; *see People v Gillotti*, 23 NY3d 841, 861 [2014]; *People v Manougian*, 132 AD3d 746, 746 [2015]; *People v Worley*, 57 AD3d 753, 754 [2008]; *People v Fiol*, 49 AD3d 834, 834 [2008]). In determining whether an upward departure is permissible and, if permissible, appropriate, the court must engage in a three-step inquiry. First, the court must determine whether the People have articulated, as a matter of law, a legitimate aggravating factor. Next, the court must determine whether the People have established, by clear and convincing evidence, the facts supporting the presence of that factor in the case before it. Upon the People's satisfaction of these two requirements, an upward departure becomes discretionary. If, upon examining all of the circumstances relevant to the offender's risk of reoffense and danger to the community, the court concludes that the presumptive risk level would result in an underassessment of the risk of reoffense, it may upwardly depart from that risk level (*see* Guidelines at 4; *People v Gillotti*, 23 NY3d at 861; *People v Manougian*, 132 AD3d at 747; *People v Gabriel*, 129 AD3d 1046, 1047-1048 [2015]).

Here, the defendant's history of substance abuse and his

poor prison disciplinary record were adequately taken into account in the Guidelines, and thus, were not proper bases for departure (*see People v Grady*, 81 AD3d 1464, 1464-1465 [2011]; *People v Beames*, 71 AD3d 1300, 1301 [2010]). The defendant's commission of a theft while the underlying criminal prosecution was pending was a factor not taken into account in the Guidelines (*see* Guidelines at 14; *People v Palmer*, 68 AD3d 1364, 1366 [2009]). Moreover, the People proved by clear and convincing evidence that the defendant committed that theft. Nevertheless, the Supreme Court improvidently exercised its discretion in upwardly departing from the presumptive risk level on that basis. That theft, an opportunistic nonviolent theft committed while the defendant was house-sitting for a friend, did not indicate that the presumptive risk level would result in an underassessment of the risk of sexual reoffense (*see People v Barody*, 54 AD3d 1109, 1110 [2008]).

In sum, the defendant was properly assessed 75 points on the RAI, within the range for a presumptive designation as a level two offender. However, the Supreme Court improvidently exercised its discretion in upwardly departing from the presumptive risk level. Accordingly, we reverse the order appealed from and designate the defendant a level two sex offender. Balkin, J.P., Sgroi, Cohen and Duffy, JJ., concur.