People v Parrish (2018 NY Slip Op 01969)





People v Parrish


2018 NY Slip Op 01969


Decided on March 22, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 22, 2018

523960

[*1]THE PEOPLE OF THE STATE OF NEW YORK, Respondent,
v
ALTON S. PARRISH, Appellant.

Calendar Date: February 22, 2018

Before: Garry, P.J., McCarthy, Devine, Mulvey and Rumsey, JJ.


Jay L. Wilbur, Public Defender, Binghamton (Jonathan L. Rothermel of counsel), for appellant.
Stephen K. Cornwell Jr., District Attorney, Binghamton (Stephen Ferri of counsel), for respondent.


Devine, J.

MEMORANDUM AND ORDER
Appeal from an order of the County Court of Broome County (Northrup Jr., J.), entered August 12, 2016, which classified defendant as a risk level two sex offender pursuant to the Sex Offender Registration Act.
In 2016, defendant pleaded guilty to one count of sexual abuse in the first degree and was sentenced to a 10-year term of probation. The underlying charge stemmed from an incident wherein defendant, while employed at a group home for developmentally disabled adults, entered a female resident's room and forced his fingers into her vagina. In anticipation of defendant's risk level classification hearing, a risk assessment
instrument was prepared that presumptively classified defendant as a risk level two sex offender (80 points) under the Sex Offender Registration Act (see Correction Law art 6-C). At the hearing that followed, defendant contested some of the points assessed under risk factors 1 and 2 and sought a downward departure to a risk level one classification. County Court rejected defendant's arguments, denied his request for a downward departure and classified him as a risk level two sexually violent sex offender. This appeal by defendant ensued.
Under risk factor 1 (use of violence), a defendant may be scored either 10 points for using forcible compulsion, 15 points for inflicting physical injury or 25 points for being armed with a dangerous weapon; under risk factor 2 (sexual contact with victim), a defendant may be assessed either 5 points for contact over clothing, 10 points for contact under clothing or 25 [*2]points for, among other things, aggravated sexual abuse. At the risk assessment hearing, defendant conceded that he should be assessed 10 points under risk factor 1 for forcible compulsion, but argued that the People failed to establish by clear and convincing evidence that the victim suffered a physical injury within the meaning of Penal Law § 10.00 (9) so as to warrant the assessment of 15 points. Similarly, defendant acknowledged that the imposition of 10 points would be warranted under risk factor 2 for contact under the victim's clothing, but contended that the lack of physical injury prevented an assessment of 25 points for aggravated sexual abuse (see Penal Law § 130.67 [1] [a]).
For risk level classification purposes, the definition of terms set forth in the Penal Law are utilized (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 8 [2006]). Physical injury is defined in the Penal Law as "impairment of physical condition or substantial pain" (Penal Law § 10.00 [9]). Substantial pain is "more than slight or trivial pain," but it "need not . . . be severe or intense" to meet the statutory definition (People v Chiddick, 8 NY3d 445, 447 [2007]; see People v Johnson, 150 AD3d 1390, 1392 [2017], lv denied 29 NY3d 1128 [2017]). In meeting their burden of proof on this point, the People may rely upon, among other things, the defendant's admissions, the victim's statements, the case summaries and any relevant medical records (see People v Mingo, 12 NY3d 563, 572-574 [2009]; People v Saunders, 156 AD3d 1138, 1139 [2017]; People v Garcia, 153 AD3d 735, 735-736 [2017]).
Defendant conceded at the hearing that "there was forcible compulsion used," and the victim reported that he "forcibly" inserted his fingers into her vagina. The victim complained of vaginal pain after the incident, and a physical examination of the victim disclosed "a left lateral vaginal wall tear/scratch with a small amount of bleeding and" bruising. In our view, this objective evidence demonstrating the victim's injuries, as well as her subjective description and complaints of pain (see People v Hicks, 128 AD3d 1221, 1222 [2015], lv denied 26 NY3d 930 [2015], constituted clear and convincing evidence from which County Court could determine that the victim sustained a physical injury (see People v Wollek, 122 AD3d 1388, 1389-1390 [2014], lv denied 24 NY3d 915 [2015]; People v Kruger, 88 AD3d 1169, 1170 [2011], lv denied 18 NY3d 806 [2012]; People v Johnston, 273 AD2d 514, 519 [2000], lv denied 95 NY2d 935 [2000]; see also People v Garcia, 153 AD3d at 736). Accordingly, the challenged points imposed under risk factors 1 and 2 for physical injury were proper. Finally, County Court did not abuse its discretion by denying defendant's request for a downward departure, as defendant failed to "demonstrate, by a preponderance of the evidence, the existence of mitigating factors not adequately taken into consideration by the risk assessment guidelines so as to warrant [that relief]" (People v Deming, 155 AD3d 1262, 1263 [2017] [internal quotation marks and citations omitted], lv denied ___ NY3d ___ [Feb. 13, 2018]).
Garry, P.J., McCarthy, Mulvey and Rumsey, JJ., concur.
ORDERED that the order is affirmed, without costs.