People v Fontaine (2018 NY Slip Op 05614)





People v Fontaine


2018 NY Slip Op 05614


Decided on August 1, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 1, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
JEFFREY A. COHEN
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-12882

[*1]People of State of New York, respondent,
v
Anthony Fontaine, appellant.


Richard L. Ferrante, White Plains, NY, for appellant.
Anthony A. Scarpino, Jr., District Attorney, White Plains, NY (William C. Milaccio of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from so much of an order of the Supreme Court, Westchester County (Susan Cacace, J.), entered November 16, 2016, as, upon reargument, vacated an order entered March 3, 2016, designating him a level two sex offender pursuant to Correction Law article 6-C, and thereupon designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order entered November 16, 2016, is affirmed insofar as appealed from, without costs or disbursements.
The defendant pleaded guilty to attempted rape in the first degree in violation of Penal Law §§ 110.00 and 130.35(1). At a hearing pursuant to the Sex Offender Registration Act (hereinafter SORA), the defendant contested the assessment of 10 points under risk factor 1 of the risk assessment instrument (hereinafter RAI) for the use of forcible compulsion. In an order entered March 3, 2016, the Supreme Court assessed the defendant a total of 100 points and designated him a level two sex offender. The court declined to assess any points under risk factor 1.
The People moved for leave to reargue. In an order entered November 16, 2016, the Supreme Court, upon reargument, vacated the order entered March 3, 2016, and thereupon designated the defendant a level three sex offender after assessing the defendant a total of 110 points. In that order, the court assessed the defendant 10 points under risk factor 1 for use of forcible compulsion. The defendant appeals from the order entered November 16, 2016. We affirm insofar as appealed from.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]; People v Pettigrew, 14 NY3d 406, 408; People v Mitchell, 142 AD3d 542, 543). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 571-573; People v Good, 88 AD3d 1037, 1037).
Here, contrary to the defendant's contention, the People established by clear and convincing evidence that the defendant used forcible compulsion against the complainant, which [*2]supported the assessment of 10 points under risk factor 1 (see Penal Law § 130.00[8]). In particular, the presentence investigation report, which was admitted into evidence by the People at the SORA hearing without objection, demonstrated that the defendant, inter alia, "physically overpowered the victim and her attempts to push him off were unsuccessful" (see generally People v Ramos, 147 AD3d 1090, 1090-1091; People v Mitchell, 142 AD3d at 543). Accordingly, we agree with the Supreme Court's determination, upon reargument, to vacate the order entered March 3, 2016, designating the defendant a level two sex offender, and thereupon to designate him a level three sex offender.
In light of the foregoing, we need not reach the defendant's remaining contention.
ROMAN, J.P., COHEN, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court