People v Perry (2018 NY Slip Op 06951)





People v Perry


2018 NY Slip Op 06951


Decided on October 17, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 17, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

RUTH C. BALKIN, J.P.
JOHN M. LEVENTHAL
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.


2016-04540

[*1]People of State of New York, respondent,
v William Perry, appellant.


The Legal Aid Society, New York, NY (Whitney A. Robinson of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Marielle Burnett on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Betty J. Williams, J.), dated April 1, 2016, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant pleaded guilty in October 2015 to possession of a sexual performance by a child (Penal Law § 263.11), based on his possession of certain computer files containing child pornography. In April 2016, immediately after sentencing the defendant, the Supreme Court conducted a risk level determination proceeding under the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The People prepared a risk assessment instrument seeking the assessment of 30 points under risk factor 3 (number of victims), 30 points under risk factor 5 (age of victim; 10 or under), 20 points under risk factor 7 (relationship between offender and victim; stranger), and 15 points under risk factor 11 (history of substance abuse), for a total of 95 points. The defendant contested the 15-point assessment under risk factor 11, contending that only 80 points should be assessed. Notably, either total would have resulted, presumptively, in a level two designation. The defendant, however, also requested that the court downwardly depart from that presumptive risk level, and designate him a level one offender. The court assessed the disputed points and declined to downwardly depart.
In establishing an offender's risk level pursuant to SORA, the People have the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Garcia, 153 AD3d 735, 735; People v Mercer, 148 AD3d 1187, 1188; People v Wyatt, 89 AD3d 112, 117-118). Under risk factor 11, "[i]n order to demonstrate that an offender was abusing [drugs or] alcohol at the time of the offense,' the People must show by clear and convincing evidence that the offender used [drugs or] alcohol in excess either at the time of the crime or repeatedly in the past" (People v Palmer, 20 NY3d 373, 378, quoting SORA: Risk Assessment Guidelines and Commentary at 15 [2006; hereinafter Guidelines]; see People v Madison, 153 AD3d 737, 737-738). Here, the People established that the defendant had a history of substance abuse within the meaning of risk factor 11. In addition to the defendant's conviction in 2011 for driving a vehicle while impaired by alcohol, the defendant admitted to abusing alcohol after his arrest in this case. Accordingly, the Supreme Court did not err in assessing [*2]the defendant 15 points under risk factor 11 (see People v Sharrock, 161 AD3d 1112; People v Phillips, 160 AD3d 672). The defendant's total of 95 points was within the level two range.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately not taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gilotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant cited the Board of Examiners of Sex Offenders' "Scoring of Child Pornography Cases Position Statement 6/1/12" (hereinafter the Position Statement) in arguing that the assessment of 50 points under risk factors 3 and 7 resulted in an overassessment of his risk. Giving due consideration to the factors articulated in the Position Statement and the total of 95 points properly assessed, the Supreme Court did not improvidently exercise its discretion in denying the defendant's request for a downward departure (see generally People v Gillotti, 23 NY3d at 860).
Accordingly, we agree with the Supreme Court's determination designating the defendant a level two sex offender.
BALKIN, J.P., LEVENTHAL, MILLER and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court