People v Johnson (2019 NY Slip Op 00627)





People v Johnson


2019 NY Slip Op 00627


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
HECTOR D. LASALLE
FRANCESCA E. CONNOLLY, JJ.


2017-10329

[*1]People of State of New York, respondent,
v
Asa Johnson, appellant.


Paul Skip Laisure, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel; Javon Henry on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated May 17, 2017, which, after a hearing, adjudicated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant's contention that the Supreme Court improperly assessed 15 points for the infliction of physical injury under risk factor 1 need not be addressed, since deducting those points from the total points assessed against the defendant under factors not contested by him would not alter his presumptive risk level (see People v Rosario, 164 AD3d 625; People v Murphy, 33 AD3d 778).
In denying the defendant's request for a downward departure from his presumptive risk level, the Supreme Court failed to adequately set forth its findings of fact and conclusions of law, but the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Mercer, 148 AD3d 1187). A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act; hereinafter SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the alleged mitigating circumstances identified by the defendant either were adequately taken into account by the SORA Guidelines, or, under the totality of the circumstances, did not warrant a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v McKinney, 158 AD3d 828, 829). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from the presumptive risk assessment level.
MASTRO, J.P., BALKIN, LASALLE and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court