People v Lewis (2019 NY Slip Op 08878)





People v Lewis


2019 NY Slip Op 08878


Decided on December 11, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 11, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
LINDA CHRISTOPHER, JJ.


2018-09862

[*1]People of State of New York, respondent, 
v
Dashawn Lewis, appellant. Paul Skip Laisure, New York, NY (Samuel Barr of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Jade W. Sobh on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Dineen Riviezzo, J.), dated June 22, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of two counts of sexual misconduct. After a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the Supreme Court designated the defendant a level three sex offender based on the assessment of a total of 125 points on the risk assessment instrument (hereinafter RAI). On appeal, the defendant challenges the court's assessment of 20 points under risk factor 7 (relationship with the victim).
Risk factor 7 of the RAI assesses 20 points if the offender's crime, inter alia, was "directed at a stranger" (SORA: Risk Assessment Guidelines and Commentary at 12 [2006 ed] [hereinafter Guidelines]; see People v Hardy, 42 AD3d 487). "[T]he term stranger' includes anyone who is not an actual acquaintance of the victim" (Guidelines at 12).
We agree with the Supreme Court's assessment of 20 points against the defendant under risk factor 7 because he was a stranger to the complainant. The grand jury testimony of the complainant revealed that she and the defendant met for the first time on the day of the offense (see People v Mitchell, 142 AD3d 542, 543; People v Mabee, 69 AD3d 820). Additionally, the defendant told the probation department that the complainant was a stranger (see People v Middlemiss, 153 AD3d 1096, 1097.
Accordingly, we agree with the Supreme Court's determination to designate the defendant a level three sex offender.
DILLON, J.P., AUSTIN, ROMAN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court