People v Beazer (2020 NY Slip Op 01652)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

People v Beazer

2020 NY Slip Op 01652

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
REINALDO E. RIVERA, J.P.
JOSEPH J. MALTESE
BETSY BARROS
VALERIE BRATHWAITE NELSON
ANGELA G. IANNACCI, JJ.


2018-01431

[*1]People of State of New York, respondent, 
vGlen Beazer, appellant. Thomas N. N. Angell, Poughkeepsie, NY (Steven Levine of counsel), for appellant.

William V. Grady, District Attorney, Poughkeepsie, NY (Bridget Rahilly Steller of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Dutchess County (Edward T. McLoughlin, J.), dated December 22, 2017, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In establishing a defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the People bear the burden of establishing, by clear and convincing evidence, the facts supporting the determinations sought (see Correction Law § 168-n[3]; People v Mitchell, 142 AD3d 542, 543; People v Wyatt, 89 AD3d 112, 117-118). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Mingo, 12 NY3d 563, 573).
We agree with the County Court's determination to assess the defendant 25 points under risk factor 2 based on the defendant's own admission, which established that the defendant engaged in anal sexual conduct with the complainant (see Penal Law § 130.00[2][b]). We also agree with the court's determination to assess the defendant 10 points under risk factor 13 for unsatisfactory conduct while confined based upon a recent tier III disciplinary violation (see People v Lima-Sanchez, 162 AD3d 698; People v Anderson, 137 AD3d 988; People v Williams, 102 AD3d 665).
Accordingly, we agree with the County Court's determination to designate the defendant a level two sex offender.
RIVERA, J.P., MALTESE, BARROS, BRATHWAITE NELSON and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court