People v Pintado (2022 NY Slip Op 03260)

People v Pintado

2022 NY Slip Op 03260

Decided on May 18, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 18, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2021-02272

[*1]People of State of New York, respondent,
v
Elio Pintado, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Jacob B. Sher of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Larry J. Schwartz, J.), dated March 11, 2021, which after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of sexual abuse in the first degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 120 points and designated him a level three sex offender. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing the facts supporting the determinations sought by clear and convincing evidence (see id.; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006]). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see People v Lyons, 199 AD3d 722, 723). "A victim's grand jury testimony has been found to constitute 'reliable hearsay' which is routinely relied upon by courts in assessing points under SORA" (People v Wells, 138 AD3d 947, 950).
Here, the County Court properly considered the case summary along with the risk assessment instrument prepared by the Board of Examiners of Sex Offenders, grand jury testimony, the defendant's criminal history, the New Jersey indictment associated with the defendant's 2006 conviction, as well as the defendant's 2006 New Jersey judgment of conviction (see People v Bright, 63 AD3d 1133, 1133). "This evidence, considered in its entirety, established by clear and convincing evidence each of the court's assessments as to the applicable risk factors, and supported the determination" that the defendant was a level three sex offender (id. at 1133).
The defendant's remaining contention is unpreserved for appellate review, and in any event, without merit.
DUFFY, J.P., MALTESE, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court