People v Mendoza (2023 NY Slip Op 03024)

People v Mendoza

2023 NY Slip Op 03024

Decided on June 7, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 7, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
BARRY E. WARHIT
JANICE A. TAYLOR, JJ.

2021-08727

[*1]The People of the State of New York, respondent,
v
Mario Mendoza, appellant. Martin Geoffrey Goldberg, Franklin Square, NY, for appellant.

Anne T. Donnelly, District Attorney, Mineola, NY (Daniel Bresnahan and Monica M. C. Leiter of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Nassau County (Robert G. Bogle, J.), dated November 12, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2007, the defendant was convicted, upon his plea of guilty, of, inter alia, rape in the first degree, endangering the welfare of a child, and incest in the third degree, arising from his sexual offenses against his biological daughter for a period of approximately six months, beginning when the victim was 14 years old. He was sentenced to a term of imprisonment of 18 years, to be followed by a period of postrelease supervision of 5 years. In anticipation of his conditional release, the Supreme Court conducted a hearing to determine the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C). After the hearing, the court assessed the defendant a total of 105 points on the risk assessment instrument, resulting in his presumptive designation as a level two sex offender. The court then granted the People's request for an upward departure from the presumptive risk level and designated the defendant a level three sex offender. The defendant appeals.
The defendant argues that the Supreme Court should not have granted an upward departure from his presumptive risk level. "'An upward departure from a presumptive risk classification is justified when an aggravating factor exists that is not otherwise adequately taken into account by the risk assessment guidelines and the court finds that such factor is supported by clear and convincing evidence'" (People v Bamugo, 214 AD3d 743, 743, quoting People v Lavalle, 172 AD3d 1568, 1569; see People v Gillotti, 23 NY3d 841, 861; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "After such a factor is identified, and after the facts supporting the existence of such factor have been proved by clear and convincing evidence, the court must 'exercise its discretion by weighing the aggravating and [any] mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an . . . under-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Santos, 160 AD3d 673, 673, quoting People v Gillotti, 23 NY3d at 861).
Here, contrary to the defendant's contention, the People demonstrated, by clear and convincing evidence (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 574, 576-577), [*2]the existence of aggravating factors not adequately taken into account by the Guidelines that tended to establish a higher likelihood of reoffense or danger to the community (see People v Gillotti, 23 NY3d at 861), namely, the defendant's manipulation and control of the victim by isolating her from her mother while the abuse was occurring, hitting her, and turning her siblings against her (see People v Clark, 197 AD3d 668, 669; People v DePerno, 165 AD3d 1351, 1353; People v Cruz, 134 AD3d 1357, 1358; People v Melzer, 89 AD3d 1000, 1001), and the egregious and abhorrent nature of the crimes (see People v Rodriguez, 196 AD3d 43, 54; People v Patel, 192 AD3d 1052, 1052; People v Davis, 178 AD3d 635, 636). Further, the totality of the circumstances warrants a departure to avoid an under-assessment of the defendant's dangerousness and risk of sexual recidivism. Accordingly, the Supreme Court providently exercised its discretion in granting the People's request for an upward departure and designating the defendant a level three sex offender.
The defendant's remaining contention is unpreserved for appellate review and, in any event, without merit.
BARROS, J.P., CHAMBERS, WARHIT and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court