People v France (2023 NY Slip Op 04141)

People v France

2023 NY Slip Op 04141

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
JOSEPH J. MALTESE
DEBORAH A. DOWLING
BARRY E. WARHIT, JJ.

2020-06378

[*1]The People of the State of New York, respondent, 
v
Brian France, appellant. 

Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.
Raymond A. Tierney, Riverhead, NY (Rosalind C. Gray and Glenn Green of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated July 31, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the first degree. Following a hearing to determine the defendant's risk level under the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points on the risk assessment instrument, resulting in a presumptive risk level two designation. Upon the People's application, the court determined that an upward departure from the defendant's presumptive risk level was warranted, and thus, designated the defendant a level three sex offender. The court, inter alia, denied the defendant's application for a downward departure. The defendant appeals.
In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence (see Correction Law § 168-n[3]; People v Guadeloupe, 173 AD3d 910, 911). "In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders [hereinafter the Board] . . . or any other reliable source, including reliable hearsay" (People v Crandall, 90 AD3d 628, 629; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 5 [2006] [hereinafter Guidelines]; People v Diaz, 34 NY3d 1179, 1181).
Contrary to the defendant's contention, the Supreme Court's assessment of 15 points under risk factor 11 (drug/alcohol abuse) was supported by clear and convincing evidence. The People proffered, inter alia, the case summary prepared by the Board which indicated, among other things, that the defendant admitted to using drugs at the time he committed the sex offense for which he was convicted and that the defendant was referred to an alcohol and substance abuse treatment program while he was incarcerated. The People also submitted the defendant's prison disciplinary records which indicated that he received nine disciplinary sanctions for drug/alcohol use while he [*2]was incarcerated (see People v Gorostiza, 210 AD3d 1118, 1119-1120; People v Aldarondo, 136 AD3d 770, 770-771).
The Supreme Court's assessment of 10 points under risk factor 12 for the defendant's failure to accept responsibility for his conduct was also supported by clear and convincing evidence. According to the case summary, the defendant told the Department of Probation shortly after he entered his plea of guilty that he did so only because he was facing incarceration on burglary charges under a separate indictment. He contended at that time that the sex act was consensual and that he would get revenge against the victim for pursuing the charges (see Guidelines at 15-16; People v Benitez, 140 AD3d 1140, 1140-1141). The defendant's contention that his release by the parole board was evidence that he accepted responsibility for the sex offense is unsupported by any evidence demonstrating that he expressed remorse or accepted responsibility. Contrary to the defendant's contention, his testimony at the SORA hearing that "[i]f you look at my record I was a bad boy. I'm not that bad boy no more" is not evidence of remorse or acceptance of responsibility for the sex offense (see People v Guadeloupe, 173 AD3d at 911; People v Vega, 79 AD3d 718, 719).
The Supreme Court also providently exercised its discretion in granting the People's application for an upward departure from the presumptive risk level two designation to risk level three. The People demonstrated by clear and convincing evidence that there were aggravating factors not adequately taken into account by the Guidelines (see generally People v Gillotti, 23 NY3d 841, 861). Specifically, the People pointed to evidence that the defendant had threatened to seek revenge against the victim for pursuing the sex offense charge and that the facts underlying the defendant's conviction for murder in the second degree subsequent to the underlying sex offense were not taken into account by the Guidelines. The pre-sentence report prepared in connection with the defendant's murder conviction indicates that the defendant punched, choked, and stomped on a woman's throat causing her death and that he did so in order to pay off his drug debts and to obtain several grams of cocaine. Accordingly, the court did not improvidently exercise its discretion in determining that an upward departure was warranted (see People v Fuentes, 177 AD3d 788, 790; People v Amorin, 164 AD3d 1483, 1483-1484).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d at 861; see also Guidelines at 4). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to identify any mitigating factors that were not adequately taken into account by the Guidelines, were supported by a preponderance of the evidence, or, under the totality of the circumstances, warranted a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see id.).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
DUFFY, J.P., MALTESE, DOWLING and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court