People v Garing (2024 NY Slip Op 06223)

People v Garing

2024 NY Slip Op 06223

Decided on December 11, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 11, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
WILLIAM G. FORD
HELEN VOUTSINAS
JAMES P. MCCORMACK, JJ.

2023-06809

[*1]The People of the State of New York, respondent,
v
Stephen M. Garing, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Meaghan Powers and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated July 18, 2023, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
At a hearing to designate the defendant's risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant sought a downward departure, and the People sought an upward departure, from the defendant's presumptive level two risk designation. The County Court denied the defendant's application for a downward departure, granted the People's application for an upward departure, and designated the defendant a level three sex offender. The defendant appeals.
In determining whether to depart from the presumptive risk level, the SORA court must determine whether the party seeking the departure has identified aggravating or mitigating circumstances that are, as a matter of law, of a kind or to a degree not adequately taken into account by the Guidelines (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). The court must then "decide whether the party requesting the departure has adduced sufficient evidence to meet its burden of proof in establishing that the alleged aggravating or mitigating circumstances actually exist in the case at hand" (People v Gillotti, 23 NY3d at 861). Finally, "[i]f the party applying for a departure surmounts the first two steps," the court "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (id.).
Although debilitating illness and advanced age may constitute grounds for a downward departure, the defendant here failed to prove by a preponderance of the evidence that his age or health at the time of the SORA hearing constituted appropriate mitigating factors and minimized his risk of reoffense (see People v Gunter, 217 AD3d 788, 790; People v Samuels, 199 AD3d 1034, 1036; People v Rivas, 185 AD3d 740, 740-741). Indeed, the defendant failed to submit any medical evidence in support of the claims made by his attorney at the SORA hearing "upon information and belief" regarding the defendant's physical condition (see People v Samuels, 199 [*2]AD3d at 1036; People v Rivas, 185 AD3d at 740-741). The defendant's application for a downward departure was, therefore, properly denied.
"'An aggravating factor that may support an upward departure from an offender's presumptive risk level is one which tends to establish a higher likelihood of reoffense or danger to the community . . . than the presumptive risk level calculated on the risk assessment instrument'" (People v Wilkerson, 214 AD3d 683, 684, quoting People v DeDona, 102 AD3d 58, 68). Here, the People demonstrated, by clear and convincing evidence, the existence of aggravating factors not adequately taken into account by the Guidelines that tended to establish a higher likelihood of reoffense or danger to the community, including the extensive physical and emotional abuse the defendant inflicted on the child victims as well as his conduct of showing them pornography (see People v France, 219 AD3d 509, 511; People v Mendoza, 217 AD3d 691, 692). Further, the totality of the circumstances warranted a departure from the presumptive risk level to avoid an underassessment of the defendant's dangerousness and risk of sexual recidivism.
Accordingly, the County Court providently exercised its discretion in granting the People's request for an upward departure and designating the defendant a level three sex offender.
The defendant's remaining contention is without merit.
IANNACCI, J.P., FORD, VOUTSINAS and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court