People v Portillo-Perez (2025 NY Slip Op 05978)

People v Portillo-Perez

2025 NY Slip Op 05978

Decided on October 29, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 29, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
VALERIE BRATHWAITE NELSON
PHILLIP HOM
ELENA GOLDBERG VELAZQUEZ, JJ.

2024-10650

[*1]The People of the State of New York, respondent,
v
Leonel Portillo-Perez, appellant. 

James D. Licata, New City, NY (Samuel Coe of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrisey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Kevin F. Russo, J.), dated August 12, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court assessed the defendant 80 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 11 (drug or alcohol abuse) and the denial of his application for a downward departure.
"'In establishing a defendant's risk level pursuant to SORA, the People bear the burden of establishing facts supporting the determination sought by clear and convincing evidence'" (People v Hernandez, 228 AD3d 965, 965, quoting People v Levy, 192 AD3d 928, 929; see Correction Law § 168-n[3]). "'In assessing points, evidence may be derived from the defendant's admissions, the victim's statements, evaluative reports completed by the supervising probation officer, parole officer, or corrections counselor, case summaries prepared by the Board of Examiners of Sex Offenders . . . , or any other reliable source, including reliable hearsay'" (People v Coleman, 225 AD3d 792, 793, quoting People v Crandall, 90 AD3d 628, 629; see People v Vasquez, 189 AD3d 1480, 1481). Foundation testimony is unnecessary to establish the admissibility of case summaries (see People v Mingo, 12 NY3d 563, 575). However, information found in a case summary may be rejected when it is unduly speculative, its accuracy is undermined by other more compelling evidence, or it provides limited information with no additional support (see id. at 573; People v Mabee, 69 AD3d 820, 820).
Contrary to the defendant's contention, the County Court properly assessed 15 points under risk factor 11. The People established by clear and convincing evidence, among other things, that alcohol was used at the time of the instant offense, that the defendant admitted to abuse of alcohol and drugs, and that the defendant was placed on a waiting list to participate in a treatment program (see People v France, 219 AD3d 509, 510; People v Alvarado, 173 AD3d 909, 910). In opposition, the defendant did not submit any evidence contradicting the information contained in the case summary (see People v Mingo, 12 NY3d at 575; People v Mizrahi, 237 AD3d 980, 981). Under [*2]the circumstances, the case summary, standing alone, was sufficient to support the assessment of points under risk factor 11 (see People v Pintado, 205 AD3d 939; People v Aldarondo, 136 AD3d 770, 770-771).
A defendant seeking a downward departure from the presumptive risk level has the burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Smith, 237 AD3d 1230, 1231 [internal quotation marks omitted]; see People v Gillotti, 23 NY3d 841, 861; Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d at 910; see People v Sanchez, 231 AD3d 876, 877).
Here, the defendant failed to demonstrate that a downward departure was warranted. While a "'defendant's response to [sex offender] treatment may qualify as a ground for a downward departure where the response is exceptional'" (People v Del-Carmen, 186 AD3d 878, 879, quoting People v Wallace, 144 AD3d 775, 776), the defendant failed to establish that his response to such treatment was exceptional (see People v Magnetic, 231 AD3d 875, 876; People v Coleman, 225 AD3d at 795).
The other alleged mitigating factors identified by the defendant, namely that the defendant had no prior criminal history and will remain under supervision for 10 years following his release, were adequately taken into account by the Guidelines (see Guidelines at 13-16; People v Mierisch, 239 AD3d 776, 778; People v Zarifa, 237 AD3d 1113, 1115). "Further, even if the total number of points assessed to the defendant is considered near the low end of the range for a presumptive level two designation, that fact, by itself, does not constitute a ground for a downward departure from the presumptive risk level" (People v Santos, 235 AD3d 788, 789; see People v Selin-Martinez, 229 AD3d 646, 648).
Accordingly, the County Court properly designated the defendant a level two sex offender.
CONNOLLY, J.P., BRATHWAITE NELSON, HOM and GOLDBERG VELAZQUEZ, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court